UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| STACEY LITTLETON,<br><br>    Plaintiff,<br><br>    v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., et al.,<br><br>    Defendants. | Case No. 5:15-cv-01619-EJD<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 25 |

Plaintiff Stacey Littleton ("Plaintiff") filed this action in Santa Clara County Superior Court against Defendants Experian Information Solutions, Inc., Equifax, Inc., TransUnion, LLC, SunTrust Mortgage, Inc. ("SunTrust"), SYNCB/Sleep Train, Target National Bank, UNLV/Citibank, and USAA Savings Bank for alleged violations of (1) the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2(b), (2) the California Consumer Credit Reporting Agencies Act, California Civil Code § 1785.25(a), (3) and the Unfair Competition Law, California Business and Professions Code § 17200. TransUnion, LLC removed the action to this court under 28 U.S.C. § 1331.

SunTrust now moves to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). <u>See</u> Docket Item No. 25. Plaintiff opposes the motion. <u>See</u> Docket Item No. 30. This matter is suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b). Accordingly, the hearing scheduled for August 6, 2015, is VACATED. Having carefully considered the pleadings filed by the parties, the court finds, concludes and orders as follows:

    1.    On a Rule 12(b)(6) motion to dismiss for failure to state a claim, the complaint is construed in the light most favorable to the non-moving party, and all material allegations in the

complaint are taken to be true. Sanders v. Kennedy, 794 F.2d 478, 481 (9th Cir. 1986). This rule does not apply to legal conclusions - "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009). While a complaint does not need detailed factual allegations to survive a 12(b)(6) motion, plaintiffs must provide grounds demonstrating their entitlement to relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Thus, the plaintiff must allege sufficient factual allegations "to raise a right to relief above the speculative level." Id. This threshold is reached when the complaint contains sufficient facts to allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. Iqbal, 556 U.S. at 678.

2. Although the FCRA generally prohibits "[a] person" from furnishing information "relating to a consumer" to any consumer reporting agency "if the person knows or consciously avoids knowing that the information is inaccurate," a consumer cannot sue a furnisher based simply on the communication of inaccurate information. 15 U.S.C. § 1681s-2(a); see Nelson v. Chase Manhattan Mortgage Corp., 282 F.3d 1057, 1059 (9th Cir. 2002). Instead, a consumer has a private right of action against a furnisher if, after receiving notice that information is disputed, the furnisher fails to reasonably undertake one of the following duties: "conduct an investigation with respect to the disputed information," "review all relevant information provided by the consumer reporting agency," "report the results of the investigation to the consumer reporting agency," and "if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis." 15 U.S.C. § 1681s-2(b).

3. SunTrust argues the FCRA claim is insufficient because Plaintiff failed to describe what information SunTrust allegedly communicated to the consumer reporting agencies, as well as why this information was inaccurate. The court agrees these facts are necessary to state a claim under § 1681s-2(b) that is plausible rather than merely speculative. See Lyles v. Ford Motor Credit Co., No. SACV 12-1736 AG (RNBx), 2013 U.S. Dist. LEXIS 58804, at *11, 2013 WL 987723 (C.D. Cal. Mar. 11, 2013) ("Courts have held that consumers asserting Section 1681s-2(b)

violations based on 'furnishing inaccurate information [] must identify which information is inaccurate.'"). Plaintiff's unspecific allegations alluding to "misleading and or inaccurate balances or past due balances owed" with regard to some unidentified account is not enough for SunTrust, or any other furnisher defendant for that matter, to understand the basis for any potential liability.

4.  In a related argument, SunTrust also argues that Plaintiff failed to differentiate between the furnisher defendants by alleging, in one sentence, that all of them "failed to conduct a reasonable investigation and reported falsely to at least Experian Information Solutions, Inc. or all three bureaus a misleading and or inaccurate balance or past due balance owed on the account and or listed the account as transferred and or charged off." Coupled with the lack of facts detailing the alleged inaccurate information and who it was furnished by, this "everyone did everything allegation" is particularly problematic. See Yost v. Nationstar Mortg., No. 1:13-cv-00745-AWI-SAB, 2013 U.S. Dist. LEXIS 128504, at *7-8, 2013 WL 4828590 (E.D. Cal. Sept. 9, 2013) ("A plaintiff suing multiple defendants 'must allege the basis of his claim against each defendant to satisfy Federal Rule of Civil Procedure 8(a)(2), which requires a short and plain statement of the claim to put defendants on sufficient notice of the allegations against them.'"). Without knowing what information Plaintiff believes is inaccurate, and by attributing a list of potential conduct against all of the furnisher defendants by using the "and or" connector, it is impossible for any of them to know exactly what Plaintiff has placed at issue.

5.  In short, Plaintiff's Complaint suffers from defects most often seen when an unspecific form complaint is not modified to fit the facts of a particular case. Plaintiff must provide better tailored allegations for this case to proceed, at least in federal court. She will be permitted leave to amend to address the defects in her pleading. See Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir.1986) (holding that leave to amend should be freely allowed "unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.").

Based on the foregoing, SunTrust's Motion to Dismiss is GRANTED. The FCRA claim is DISMISSED WITH LEAVE TO AMEND. With the dismissal of the only federal claim asserted

3
Case No.: 5:15-cv-01619-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

1  in the Complaint, the court declines to exercise supplemental jurisdiction over Plaintiff's related
2  state law claims.  They will be dismissed for lack of jurisdiction.  See 28 U.S.C. § 1367(c)(3);
3  Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988); Acri v. Varian Assocs., Inc., 114
4  F.3d 999, 1000 (9th Cir.1997) (en banc).

   Any amended complaint must be filed on or before **August 19, 2015.**  Plaintiff is advised that, although leave to amend has been permitted, she may not add new claims or new parties to this action without first obtaining Defendants' consent or leave of court pursuant to Federal Rule of Civil Procedure 15.

   **IT IS SO ORDERED.**

   Dated:  August 4, 2015



   EDWARD J. DAVILA
   United States District Judge

4
Case No.: 5:15-cv-01619-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS